**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ) | |
| **WILLIS & WILLIS PLC**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 1:13-cv-01124-CKK** |
| **v.** ) | |
| ) | |
| **KATHLEEN SEBELIUS**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

## DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS AND NOTICE OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

In light of the ruling of a motions panel of the D.C. Circuit in *Gilardi v. HHS*, No. 13-5069 (D.C. Cir. Mar. 29, 2013), granting an injunction pending appeal in a case similar to this one challenging the contraceptive coverage regulations, defendants do not oppose plaintiffs' pending Motion for Preliminary Injunction, ECF No. 7, on their Religious Freedom Restoration Act (RFRA) claim *only*, until such time as the appeal in *Gilardi* is resolved.  In light of the pending appeal and defendants' non-opposition to a preliminary injunction until the appeal in *Gilardi* is resolved, defendants move to stay all proceedings in this case until such time. Plaintiffs do not oppose defendants' motion to stay.

Defendants agree with the district court's reasoning in denying the plaintiffs' request for a preliminary injunction in *Gilardi v. Sebelius*, __ F. Supp. 2d __, 2013 WL 781150 (D.D.C. Mar. 3, 2013), *appeal pending sub nom. Gilardi v. HHS*, No. 13-5069 (D.C. Cir.).  For the reasons stated by the court in that decision, as well as defendants' opposition brief in *Gilardi*, the Third Circuit's opinion in *Conestoga Wood Specialties Corp. v. Sebelius*, __ F.3d __, 2013 WL 3845365 (3d Cir. July 26, 2013); Chief Judge Briscoe's dissent in *Hobby Lobby Stores, Inc. v.*

*Sebelius*, __ F.3d __, 2013 WL 3216103, at *41-*55 (10th Cir. June 27, 2013), and the opinions of all of the other courts that have ruled in the government's favor in similar cases,[1] defendants do not believe that plaintiffs are likely to succeed on the merits of any of their claims, and believe that the unexplained decision of the motions panel in *Gilardi* was incorrect. Furthermore, that decision is not binding on this Court.  *See United States v. Henderson*, 536 F.3d 776, 778 (7th Cir. 2008); *In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001); *Lambert v. Blackwell*, 134 F.3d 506, 513 n.17 (3d Cir. 1997).   Nonetheless, defendants acknowledge that, even if this Court were to agree with defendants and deny plaintiffs' request for a preliminary injunction, plaintiffs would likely then seek an injunction pending appeal, which, in light of the decision of the motions panel in *Gilardi*, would likely be granted.  Therefore, defendants do not oppose the entry of preliminary injunctive relief in favor of plaintiffs based on their RFRA claim at this time, to last until the pending appeal in *Gilardi* is resolved.  Defendants would suggest that the preliminary injunction remain in effect until 30 days after the mandate issues from the D.C. Circuit in *Gilardi*, to give the Court and the parties sufficient time to assess the impact of the D.C. Circuit's ruling on this case.

Defendants also respectfully ask this Court to stay all proceedings in this case pending the resolution of the appeal in *Gilardi*.  Pursuant to Local Rule 7(m), undersigned counsel consulted with plaintiffs' counsel, who represented that plaintiffs do not oppose this request.

District courts have broad discretion in deciding whether to issue a stay pending the resolution of proceedings in another case.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy

---

[1] *See, e.g.*, *Autocam Corp. v. Sebelius*, No. 12-2673 (6th Cir. Dec. 28, 2012); *Conestoga Wood Specialties Corp. v. Sebelius*, __ F. Supp. 2d __, 2013 WL 140110, at *12-*14 (E.D. Pa. Jan. 11, 2013); *Autocam Corp. v. Sebelius*, No. 1:12-cv-1096, 2012 WL 6845677, at *6-*7 (W.D. Mich. Dec. 24, 2012), *appeal pending* No. 12-2673 (6th Cir.).

of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also, e.g.*, *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *Davis v. Billington*, 775 F. Supp. 2d 23, 29-30 (D.D.C. 2011). Indeed, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004); *see also, e.g.*, *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Divs. Ams.*, 403 F. Supp. 2d 289, 292 (D.D.C. 2005) (same); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In the *Gilardi* appeal, the D.C. Circuit will be addressing legal issues that are substantially similar to those presented in this case, involving facts that are analogous in many respects to those in this case, challenging the same regulations that are challenged in this case, and raising claims that are also largely indistinguishable from those in this case brought against the same defendants as those in this case.  Among the questions that the D.C. Circuit may very well decide are: (1) whether a for-profit, secular corporation can engage in the exercise of religion under RFRA; (2) whether an obligation imposed on a corporation can be a substantial burden on the corporation's owners under RFRA; (3) whether any burden imposed on the corporation or its owners under the challenged regulations is too attenuated to qualify as "substantial" under RFRA; and (4) whether the challenged regulations are narrowly tailored to serve compelling governmental interests.  Thus, even if the D.C. Circuit's ruling does not entirely dispose of this case, the outcome of the appeal is likely to substantially affect the

outcome of this litigation, and the Court and the parties will undoubtedly benefit from the D.C. Circuit's views.

If this case is not stayed, defendants will file a motion to dismiss the case for failure to state a claim.  This motion will raise many of the same legal issues that are likely to be addressed by the D.C. Circuit.  It would be highly inefficient to spend the resources and time of the parties and this Court for litigation to proceed on these issues simultaneously in both courts.  *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("[T]he district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants.").  Nor will there be any prejudice to plaintiffs if the proceedings are stayed, as they will have the benefit of a preliminary injunction during the pendency of the stay.

Finally, defendants note that several district courts have stayed proceedings in similar circumstances in litigation challenging the contraceptive coverage regulations.  *See, e.g.*, Order, *Bindon v. Sebelius*, No. 13-cv-1207-EGS (D.D.C. Aug. 14, 2013); Order, *Annex Medical, Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Jan. 25, 2013), ECF No. 53; Order, *Korte v. Sebelius*, No. 3:12-cv-01072 (S.D. Ill. Dec. 28, 2012), ECF No. 63; Order, *Conestoga Wood Specialties, Corp. v. Sebelius*, No. 5:12-cv-06744 (E.D. Pa. Jan. 16, 2013), ECF No. 55; Order, *Hobby Lobby v. Sebelius*, No. 5:12-cv-01000 (W.D. Okla. Dec. 12, 2012), ECF No. 55.

For these reasons, defendants ask this Court to stay all proceedings in this case pending resolution of the appeal in *Gilardi*.

Respectfully submitted this 21st day of August, 2013,

STUART F. DELERY
Assistant Attorney General

IAN HEATH GERSHENGORN

4

Deputy Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

JENNIFER RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director

_s/ Michelle R. Bennett_____
MICHELLE R. BENNETT (CO Bar No. 37050)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7310
Washington, D.C.  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

*Attorneys for Defendants*